UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES SANDERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:04-CV-411-TS |
| FRED ROGERS, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On May 17, 2004, the Plaintiff filed his Complaint in the Allen Superior Court. The case was removed to this Court and on November 19, 2004, the Defendants filed their Answer. On February 7, 2005, Defendant Tom Leonard was dismissed with prejudice by stipulation of the parties.

On October 10, 2005, the remaining Defendant, Fred Rogers, filed a Motion to Enforce Settlement Agreement. The Defendant stated that pursuant to an oral agreement to settle the case, counsel for the Defendant sent counsel for the Plaintiff a Release and Hold Harmless Agreement and a Stipulation to Dismiss with Prejudice. The Release and Hold Harmless Agreement contained the terms of the settlement, which included the Defendant paying $250 to his attorney for costs and $388 for the Plaintiff's share of the mediation costs. The Defendant maintained that the Agreement and Stipulation had not been signed despite repeated inquiry to Plaintiff's counsel and requested the Court to order the Plaintiff's counsel to tender the signed papers.

The next day, on October 11, counsel for the Plaintiff filed a motion to withdraw his appearance. On October 14, the Court granted counsel's motion to withdraw and ordered the Clerk of Courts to provide the Plaintiff with a copy of the Order and the Defendant's Motion to Enforce Settlement Agreement, by both certified mail (return receipt requested) and regular first-class mail.

The Order also provided:

> It is directed that, within twenty days of the issuance of this Order, new counsel will file an appearance or the Plaintiff will provide the Court with written notice of his intention to proceed *pro se*. The Plaintiff is further ordered to respond to the Defendant's Motion to Enforce Settlement Agreement by November 14, 2005. Failure to respond to this Order could result in dismissal of the Plaintiff's Complaint.

(DE 36.)

The docket indicates that the certified mail was returned to sender as unclaimed. There is no indication that the regular first-class mail did not reach the Plaintiff at his last known address.

The court-ordered deadlines have passed without any response by the Plaintiff.

The authority of a court to dismiss cases *sua sponte* for lack of prosecution has long been considered an "inherent power" which is not granted by rule or statute but "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash*, 370 U.S. 727, 630–31 (1962). Dismissal may be employed as a sanction where there is a "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d. 1067, 1069 (7th Cir. 1983); *but see United States v. DiMucci*, 879 F.2d 1488, 1493 (7th Cir. 1989) ("We have, however, declined to adopt a rule that the imposition of less drastic sanctions is an absolute prerequisite to the entry of a default judgment.").

Federal Rules of Civil Procedure 16(f) and 37(b)(C) allow for dismissal of an action where the party has filed to obey a pretrial order. Rule 41(b) provides for dismissal for failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court.

The Plaintiff, in this action, has failed to comply with the terms of the settlement agreement reached by the parties, causing his attorney to move to withdraw his appearance. The Defendants

have been prejudiced by the Plaintiff's dilatory conduct because they no longer have resolution of this matter and must continue to defend against it. The Plaintiff has made no attempt to respond to the Defendant's motion to enforce the settlement agreement, despite being ordered by this Court to do so. The Plaintiff has also failed to comply with the Court's order to have new counsel appear or provide the Court with his written intention to proceed *pro se*. It is not appropriate to apportion any of the responsibility for these failures on the Plaintiff's previous attorney.

The Court finds that the Plaintiff has failed to prosecute this action and has exhibited contumacious conduct. The Complaint is DISMISSED WITH PREJUDICE. The Defendant's Motion to Enforce Settlement Agreement [DE 31] is DENIED.

SO ORDERED on November 21, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT